# United States Court of Appeals for the Federal Circuit

04-5071

ALPINE COUNTY, CALIFORNIA, AMADOR COUNTY,
CALIFORNIA, and EL DORADO COUNTY, CALIFORNIA,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Alan I. Saltman, Saltman & Stevens, P.C., of Washington, DC, argued for plaintiffs-appellants. With him on the brief was Ruth G. Tiger.

Richard S. Ewing, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director and Kathryn A. Bleecker, Assistant Director. Of counsel was David B. Stinson, Trial Attorney.

Appealed from: United States Court of Federal Claims

Senior Judge John P. Wiese

# United States Court of Appeals for the Federal Circuit

04-5071

ALPINE COUNTY, CALIFORNIA,
AMADOR COUNTY, CALIFORNIA, and
EL DORADO COUNTY, CALIFORNIA,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  August 8, 2005

_____

Before NEWMAN, CLEVENGER, and DYK, <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.

Alpine County, Amador County and El Dorado County (collectively "the Counties") appeal the decision of the United States Court of Federal Claims, granting the United States' motion to dismiss their claims.  <u>Alpine County v. United States</u>, 59 Fed. Cl. 610 (2004).  We affirm.

BACKGROUND

In accordance with 16 U.S.C. §500, twenty-five percent of the payments received by the United States for timber sold from a national forest must be paid to the states for the benefit of the public schools and roads in the counties where the national forest is situated:

> 16 U.S.C. §500. On and after May 23, 1908, twenty-five per centum of all moneys received during any fiscal year from each national forest shall be paid, at the end of such year, by the Secretary of the Treasury to the State in which such national forest is situated, to be expended as the State legislature may prescribe for the benefit of the public schools and public roads of the county or counties in which such national forest is situated: *Provided*, That when any national forest is in more than one State or county the distributive share to each from the proceeds of such forest shall be proportional to its area therein. . . . The Secretary of Agriculture shall, from time to time as he goes through his process of developing the budget revenue estimates, make available to the States his current projections of revenues and payments estimated to be made . . . .

The United States had contracted for certain timber sales within the Eldorado National Forest in California, and then terminated the contracts for environmental reasons. The plaintiffs are three counties within the Eldorado National Forest. Their complaint is that if the United States had not terminated these timber contracts, they would have received 25% of the contract revenue; they seek payment of this amount, on the basis that the United States owes them a duty to assure the projected revenue and estimated payments in accordance with section 500. The Counties also state that their status as third party beneficiaries of the timber contracts provides entitlement to their share of the contracted-for proceeds. The United States Court of Federal Claims dismissed the action, ruling that the Counties have no entitlement to the claimed relief.

DISCUSSION

The Court of Federal Claims observed that 16 U.S.C. §500 obligates the United States to pay 25% of moneys "received," and held that since no moneys were received by the United States, no obligation arose to the state and counties. The court distinguished Federal Land Bank of Houston v. United States, 168 F. Supp. 788 (Ct. Cl. 1958), where the United States as owner of the mineral fee was found to have an implied duty to the royalty owner to diligently open the lands to drilling; and also distinguished United States v. White Mountain Apache Tribe, 537 U.S. 465 (2003), where the United States as the holder of Fort Apache in trust for the Tribe was found to have a fiduciary obligation to preserve the fort from deterioration. The Court of Federal Claims correctly held that there is neither a fiduciary duty upon the United States to sell the timber resources for state and county benefit, by analogy to White Mountain Apache, nor an implied covenant to do so, as in Federal Land Bank.

The statute indeed requires payment, as the Counties assert, but limits such payment obligation to moneys received. Absent a fiduciary or statutory duty, we discern no expression of legislative intent to impose an obligation on the United States to assure payment of projected support for county schools and roads. Since no duty to generate revenue arose, the Counties' expectation of possible revenue did not establish an obligation of the United States to preserve such revenue. Cf. United States v. Navajo Nation, 537 U.S. 488, 507 (2003) (the legislation did not impose an obligation on the government to maximize income to the Tribes).

The Counties also argue that even if no legislative duty is imposed by section 500, they are entitled to damages as third party beneficiaries of the breached contracts between

04-5071                                  3

the United States and the timber companies. The Court of Federal Claims held that the Counties were merely incidental or indirect beneficiaries with no right of enforcement, citing Glass v. United States, 258 F.3d 1349, 1354, amended on reh'g, 273 F.3d 1072 (Fed. Cir. 2001). In order to sue for damages on a contract claim, a plaintiff must have either direct privity or third-party beneficiary status. Anderson v. United States, 344 F.3d 1343, 1352 (Fed. Cir. 2003). Third-party beneficiary status requires that the contracting parties had an express or implied intention to benefit directly the party claiming such status. See 13 Williston on Contracts §37:8 (4th ed. 2000) (a party suing as a third party beneficiary has the burden of showing that a contract provision was for his direct benefit); see also German Alliance Ins. Co. v. Home Water Supply Co., 226 U.S. 220, 230 (1912); Glass, 258 F.3d at 1354.

The Counties argue that the intent to benefit them is established by section 500, which not only establishes their entitlement, but also requires notice of expected revenues and projected payments. The Counties state that they reasonably relied on the timber contracts as providing the projected revenues, citing Roedler v. Department of Energy, 255 F.3d 1347, 1352 (Fed. Cir. 2001) (when a contract implements a statute, it is appropriate to inquire into the statute and its purpose to determine whether the contract is intended to benefit a third party). Accepting the threshold position that the Counties reasonably expected to receive revenues from these contracts, we agree with the Court of Federal Claims that the statute does not require the United States to generate such revenue, or to refrain from cancelling a timber contract before any revenue is earned. The expectation of revenue under section 500 did not place upon the United States the obligation to earn or preserve such revenue. The state and counties have no right to damages measured by the

projected proceeds of these cancelled contracts. Payment under section 500 is conditioned on receipt by the United States; there is no evidence or inference of an intention or obligation of the United States to make payments to the states and counties when no revenues are received under a contract. See Williston §37:24 ("it should be no less true of third party beneficiaries than of directly contracting parties that, if a promise is in terms conditional, no one can acquire any rights under it unless the condition happens"); Roedler, 255 F.3d at 1352 (inquiring into the "governing" statutes and their purposes); see also Fisher v. United States, 402 F.3d 1167, 1176 (Fed. Cir. 2005) (*en banc*) (when the statute does "not afford the remedy claimed," the plaintiff has failed to state a claim).

Neither statute nor contract affords the remedy claimed. The decision of the Court of Federal Claims is

AFFIRMED.