# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued February 26, 2026　　　　　Decided April 17, 2026

No. 25-7010

INOVA HEALTH CARE SERVICES, FOR INOVA FAIRFAX
HOSPITAL AND ITS DEPARTMENT, LIFE WITH CANCER, ET AL.,
APPELLEES

v.

OMNI SHOREHAM CORPORATION,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-00784)

*Matthew H. Lembke* argued the cause for appellant. With him on the briefs were *C. Stephen Setliff*, *Eli Jason S. Mackey*, and *W. Chadwick Lamar, Jr.*

*Christopher W. Mahoney* argued the cause for appellees. With him on the brief was *Gregory S. Seador*.

Before: MILLETT and CHILDS, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*: This is a breach of contract action. Jurisdiction rests on diversity of citizenship. The parties agree that substantive District of Columbia law controls. The parties' disagreement is mainly about the district court's application of D.C. law in rendering judgment in favor of the plaintiffs, Inova Health Care Services, and the Smith Center for Healing and the Arts, and against the defendant, the Omni Shoreham Corporation.

**I**

The events leading to the breach are as follows.

The Joan Hisaoka "Make a Difference" Gala was an annual black-tie charity event Robert Hisaoka created in 2008 in honor of his sister to raise funds for organizations devoted to cancer victims. In 2013, and each year thereafter through 2018, the Gala took place at the Omni Shoreham Hotel in Washington, D.C. Inova contracted with Omni for the yearly event. While plaintiff Smith Center was not a party to any of the contracts, it had benefitted financially from the Galas and paid the cost of the event or the $10,000 deposit to Omni each year.

In December 2018, Omni and Inova executed an Agreement for the 2019 Gala, to be held at the Hotel on September 21, 2019. The Agreement provided that cocktails and dessert would be in the Hotel's Ambassador Ballroom and dinner would be in the Regency Ballroom. Smith Center paid the $10,000 deposit.

Omni's standard contract for events like these contained a clause allowing the Hotel to redesignate where in the Hotel the event would be held. Robert Hisaoka, acting as an agent for Inova in negotiating the 2013 Omni-Inova contract, insisted on deleting this standard clause. Omni agreed. The 2019 Agreement, like each Gala contract between Omni and Inova after 2013, did not contain such a clause.

Nonetheless, on July 8, 2019—a few months before the upcoming September Gala—Omni informed Inova that the Hotel was moving the Gala out of the Ambassador and Regency Ballrooms and into the Hotel's Blue Room and Roberts Restaurant, as well as a tented outdoor area. Omni made this decision to accommodate the Embassy of Lebanon's desire to conduct a conflicting event at the Hotel. The Embassy offered to pay Omni three times more than Inova.

Inova objected, and demanded that Omni honor the contract. Omni declined, but reiterated that it remained willing to host the Gala in the alternative spaces it had proposed. Counsel for Inova informed Omni that the alternative spaces were not suitable for enumerated reasons, and Inova therefore would not proceed with the event at the Hotel and intended to file suit.

Inova held its 2019 Gala at another venue on the same date originally planned.

After initially denying both parties' motions for summary judgment, the district court granted Inova's motion for reconsideration and granted summary judgment on liability to Inova and to Smith Center as a third-party beneficiary. The court ruled that Omni had breached both the contract's

express terms and the implied covenant of good faith and fair dealing. The case proceeded to a jury trial on damages. Before trial, the court limited Omni's mitigation defense, precluding it from arguing or introducing evidence that Inova should have accepted the proffered alternative spaces within the Hotel.

The jury returned a verdict of $225,000.27: $127,001.65 to Inova for lost contributions, $60,844.35 to Smith Center for lost contributions, and $37,154.27 in additional costs incurred as a result of the breach.

**II**

**A**

Omni concedes that it breached its contract with Inova. But it contends that genuine disputes of material fact should have precluded summary judgment on whether the breach was material and whether it violated the implied covenant of good faith and fair dealing.

A breach of contract is deemed material when the non-breaching party receives "something substantially less or different from that for which he bargained." *CorpCar Services Houston, Ltd. v. Carey Licensing, Inc.*, 325 A.3d 1235, 1245 (D.C. 2024) (quoting *Fowler v. A&A Co.*, 262 A.2d 344, 347 (D.C. 1970)) (internal quotation marks omitted). That test was met here. The undisputed evidence shows that far from accepting a general commitment to suitable event space, Inova "specifically bargained" for the Gala to be held in the Ambassador and Regency Ballrooms. *Id.* at 1246. Hisaoka made that priority concrete during negotiations, insisting that Omni's standard reassignment

clause—which would have given the Hotel the right to reassign the event to different space—be struck from the Agreement.

The record also reveals no genuine dispute regarding the inadequacy of the substitute arrangement Omni offered. Inova identified multiple, concrete deficiencies: obstructed sightlines and low ceilings in the Blue Room; the Blue Room's inability to accommodate the Gala's stage configuration; the exposure of guests to weather in the outdoor, tented space; and the Roberts Restaurant's lack of physical capacity for the silent auction. Omni introduced no evidence rebutting those defects. In both its briefing and at oral argument, Omni's response consisted entirely of conclusory assurances that the alternative spaces would suffice, without engaging any of the particular problems Inova identified. Such assertions are insufficient to create a triable issue of fact.

Nor is there any genuine dispute that Omni breached the covenant of good faith and fair dealing.[1] *See Allworth v. Howard Univ.*, 890 A.2d 194, 201 (D.C. 2006) ("If the party to a contract evades the spirit of the contract, willfully renders imperfect performance, or interferes with performance by the other party, he or she may be liable for breach of the implied covenant of good faith and fair dealing." (quoting *Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. 2000))).

[1] Omni argues that plaintiffs abandoned their implied covenant claim by failing to object when the district court did not provide a separate jury instruction on damages for that claim. We disagree. The jury was instructed to assess damages for breach of contract generally, without limitation to breaches of express contractual provisions. Because an implied covenant claim is itself a form of breach of contract claim, *see Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1087 (D.C. 2008), the jury instructions encompassed damages attributable to that claim.

Omni was aware that it had negotiated away its standard reassignment right. Although Omni invokes industry custom to argue that reassignment of event spaces is standard practice, it offered no evidence that such a practice extends to contracts where the parties have expressly bargained that right away. Nor could Omni's witnesses identify any prior instance in which Omni had unilaterally relocated a contracted event. The motivation for its decision, moreover, is undisputed: Omni displaced the Gala in favor of a competing event that promised to generate more than three times the revenue. In deliberately choosing to subordinate contractual obligation to financial opportunity, Omni "willfully render[ed] imperfect performance" and acted in bad faith as a matter of law. *Paul*, 754 A.2d at 310.

**B**

Omni argues that the district court erred in prohibiting evidence and argument that Inova failed to mitigate losses by declining Omni's alternative offer. Omni bases this challenge on a misreading of the ruling below, portraying it as a categorical holding that D.C. law forecloses any mitigation defense premised on a non-breaching party's refusal to continue dealing with the breaching party. Even if we assume the district court initially indicated such a view, the court went on to conduct a fact-specific inquiry and conclude that, under the circumstances presented, Omni could not sustain its mitigation defense as a matter of law.

That determination was well-grounded. Inova had a duty to take reasonable steps to minimize its losses. *See Sizer v. Lopez Velasquez*, 270 A.3d 299, 303 (D.C. 2022). The district court concluded that Inova satisfied that obligation by seeking an alternative venue. Omni insists that a reasonable

jury could have found its alternative proposal to be a suitable substitute that would have placed Inova in the same position as under the original arrangement. Even if we accepted the premise, it does not follow that Inova acted unreasonably by declining Omni's offer. The mitigation rule exists to encourage injured parties to act sensibly—it does not give the breaching party grounds for "hypercritical examination" of the choices its own default forced upon the other side. *See Dist. Concrete Co. v. Bernstein Concrete Corp.*, 418 A.2d 1030, 1037 (D.C. 1980) (quoting *In re Kellett Aircraft Corp.*, 186 F.2d 197, 198 (3d Cir. 1950)). Omni cannot show an "absence of reasonable efforts to mitigate" simply by identifying an alternative that might also have been reasonable. *Sizer*, 270 A.3d at 303 (quoting *Norris v. Green*, 656 A.2d 282, 287 (D.C. 1995)). Where, as here, there was no genuine dispute of material fact that the substitute rooms were inadequate, *see supra* Section II.A, Omni's argument about the suitability of its alternative rooms is simply beside the point, and the district court properly precluded evidence on that question. *See id.* (holding that the question of which facts may bear on whether the non-breaching party fulfilled its duty to mitigate is a legal question for the court to decide).

## C

Although the district court correctly granted summary judgment on liability to Inova, it erred in extending that ruling to Smith Center. A genuine dispute of material fact existed about whether Smith Center was an intended third-party beneficiary of the Agreement, and that question should have been presented to a jury.

Unlike Inova, Smith Center was not a party to the Agreement and therefore could bring its claims only as an intended third-party beneficiary. *Fort Lincoln Civic Ass'n, Inc. v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1064 (D.C. 2008). That status requires a showing that Inova and Omni "had an express or implied intention to benefit [Smith Center] directly"—a determination that, on this record, a reasonable jury could have declined to make. *Id.* (quoting *Alpine Cnty., Cal. v. United States*, 417 F.3d 1366, 1368 (Fed. Cir. 2005)). Omni's general manager, Mark Roche-Garland, testified that Smith Center was not "noted in any correspondence" regarding the 2019 Gala, that "Omni has no knowledge" of Smith Center's payment for past events, and that "Omni has no knowledge" about the identity of the party who signed the $10,000 deposit check. Roche-Garland/Omni 30(b)(6) Dep. Tr. 202:2-203:18. That testimony was not rebutted to any degree that would permit the question to be resolved as a matter of law.

In its initial summary judgment opinion, the district court itself acknowledged the foregoing evidence when it denied summary judgment in favor of Omni. Yet on reconsideration, the district court included Smith Center in its grant of summary judgment without ever walking back the factual conflict it had previously identified. The district court reasoned that it had previously "rejected Omni's renewed argument that . . . Smith Center . . . lacked standing to assert claims against Omni"—apparently conflating its denial of Omni's motion with an affirmative finding that Smith Center qualified as a third-party beneficiary as a matter of law. *Inova Health Care Servs., for Inova Fairfax Hosp. v. Omni Shoreham Corp.*, No. CV 20-784 (JDB), 2023 WL 5206142, at *3 (D.D.C. Aug. 14, 2023). At no point—whether in its original summary judgment opinion, its reconsideration

decision, or elsewhere—did the district court provide a rationale for dismissing Omni's factual evidence to the contrary.

We therefore vacate the damages award to Smith Center and the collective costs award,[2] and remand for further proceedings consistent with this opinion. We affirm the jury's award of $127,001.65 in damages to Inova.

*So ordered.*

---

[2] Neither the jury instructions nor the record furnishes a basis for apportioning the collective costs award between Inova and Smith Center.